OPINION of the court, by
Judge Bibb.
By the decree of the Mason circuit court, the elder grant to Ward, bearing date on the 19th July, in the year 1786, for 2000 acres, on a treasury warrant, entered on the 10th of April, 1784, was made to yield to a county court pre-emption, granted to Matthew Rust. From this decree, the defendants in the court below have appealed to this court.
The certificate, under which the complainants derive their claim is in the words and figures following :
“ Fayette county, September court, 1784. — -This court doth certify, that Matthew Rust is entitled to the pre-emption of 1000 acres of land, lying on the waters of the north fork of Licking, and on the north side thereof, beginning 200 poles north west of his improvement, and about five miles from the mouth of Limestone, a southwardly course, running west 400 poles, thence south 400 poles, thence east 400 poles, thence north 400 poles ; by virtue of his improving the same in the year 1775, and his being prevented making application, to the commissioners for the district of Kentucky, therefor, by being in the public service.”
On this, a warrant issued for 1000 acres, on the 15th July, 1786, No. 2663.
Ón the 11th July, 1786, Rust obtained leave from the said county court, to amend his location, and made it “ — —to begin 200 poles north of his improvement, then from the beginning 200 poles west, and also 200 east, thence at right angles, from each end of this line, south for quantitv.”
On the 19th September, 1786, an entry was made with the surveyor, in the name of Matthew Rust, os *33 the warrant No. 2663, according to the amended certificate. This entry the complainants disclaim in an amended bill, and charge said warrant and entry to have been procured and made by some person or persons unknown r , , • J and unauthorised.
Land previousb granted, *afte,<orunap-propriatcd, and therefore not li-tered^for *by fuch a wartant.
On the 31st of October, 1786, an entry was made with the surveyor, on a pre-emption warrant, No. 2678, in the names of Matthew Rust and Edward Waller, assignee of James Garrard, assignee of Matthew Rust, for 1000 acres, in the words of Rust’s amended certificate, obtained from the Fayette county court. Upon this entry a survey was executed and a grant obtained, by which the complainants claim the land in their bill mentioned.
It is unnecessary to say whether Rust’s case was or was not one of those which the county courts were au-thorised to hear and determine. The improvement claimed for Rust, is one of the nine made by Wells and company in 1775, spoken of in the opinion delivered upon Thomas Young’s county court pre-emption. Every objection to the location in Young’s certificate, applies with full force against that in Rust’s certificate.
For the reasons expressed in the third and fourth questions decided in the case of Ward and Kenton vs. Lee, (assignee of Young's claim) the court is of opinion, that the claim of Rust is not entitled to the dignity and priority of a pre-emptive right.
The entry under which the complainants claim, when reduced to the level of common treasury warrants, cannot compete with Ward’s claim in controversy, because Ward’s grant is prior in time to the entry with the surveyor on Rust’s pre-emption warrant. The land thus granted Ward, was not vacant, waste or unappropriated, (accord. Craig vs. Trustees T. W. pr. dec. 181—Greenup vs. Kenton, Har. 15—Patterson vs. Bradford, Har. 105—Jasper vs. Quarles, Har. 469-70) and therefore not liable to be entered for by such a warrant.
Decree of the Mason circuit court reversed, and the cause remanded to that court, with directions to dissolve the injunction against proceeding on the judgment in the ejectment complained of, and to dismiss the bill with costs.